**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Franklin Fejeran Drake, | No. CV-22-00364-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiff Joseph Franklin Fejeran Drake, who was then confined in the Federal Correctional Institution in Terre Haute, Indiana, filed a pro se Complaint on August 17, 2022. (Doc. 1.) The Court issued a Service Order on November 4, 2022 that required Plaintiff to complete and return service packets to the Clerk of Court within 21 days. (Doc. 5.) The Court also required Plaintiff to provide notice of his release from custody and of any change of address, and the Court warned Plaintiff that failure to comply with the Court's Orders could result in the dismissal of this action. (*Id.*) The Court's Service Order was returned as undeliverable (Doc. 7), and a review of the Bureau of Prisons' inmate locator indicates Plaintiff has been released from custody.[1]

In detainee track cases, such as this one, a defendant must be served within 90 days after the complaint is filed, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, or within 60 days from the date a service order is filed, whichever period is longer. LRCiv. 16.2(b)(2)(B)(ii). Although "an incarcerated pro se plaintiff proceeding

---

[1] *See* https://www.bop.gov/inmateloc/ (last accessed 2/27/23)

1   in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and

2   complaint," it is still the plaintiff's responsibility to "provide[] the necessary information

3   to help effectuate service[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

4          Plaintiff has the general duty to prosecute this case. *Fidelity Phila. Trust Co. v.*

5   *Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  It is well established that a

6   district court has the authority to dismiss an action for failure to prosecute or failure to

7   comply with court orders.  *See* Fed. R. Civ. P. 41(b) (action may be dismissed if plaintiff

8   fails to prosecute); LRCiv 41.1 ("cases which have had neither proceedings nor

9   pleadings, notices, or other documents filed for six (6) or more months may be dismissed

10   by the Court for want of prosecution"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31

11   (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to

12   prosecute); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) (same); *Ferdik v.*

13   *Bonzelet*, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action

14   for failure to comply with any order of the court).  In determining whether to dismiss a

15   case for lack of prosecution, the Court must weigh five factors: "'(1) the public's interest

16   in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

17   risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

18   their merits and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d

19   1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421,

20   1423 (9th Cir. 1986)).

21          To date, Plaintiff has not returned service packets and Defendant has not been

22   served.  More than 90 days have elapsed since Plaintiff filed his Complaint and more than

23   60 days have elapsed since this Court filed a Service Order.[2]  Plaintiff has not notified the

24   Court of his change of address, and more than six months have elapsed since Plaintiff

25   filed anything in this case.  After weighing the above five factors, the Court finds that

26

27   _____

   [2] A court may sua sponte dismiss an action for failure to serve only after giving notice to
   the plaintiff.  Fed. R. Civ. P. 4(m).  However, in this case, dismissal is also appropriate

28   for failure to prosecute and for failure to follow court orders.  Furthermore, because
   Plaintiff has been released from custody and has failed to update his address, mailing him
   an Order to Show Cause at his former institution of incarceration would be futile.

1   dismissal for failure to prosecute and failure to comply with court orders is appropriate.

2   As a less drastic sanction, the Court will dismiss this case without prejudice.

3          **IT IS ORDERED** that the above-captioned case is dismissed without prejudice

4   for failure to prosecute and failure to comply with court orders.  The Clerk of Court is

5   directed to enter judgment accordingly and close this case.

6          Dated this 27th day of February, 2023.

7

8

9

10   _____

11   Honorable Rosemary Márquez
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28